United States District Court
Southern District of Texas
**ENTERED**
January 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MUKHTAR OWAIS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-22-2056 |
| JENNIFER GOERIG, Director, § | |
| Brazos County Community § | |
| Supervision and Corrections § | |
| Department, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Mukhtar Owais has filed a Petition for Relief From a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus) ("Petition") (Docket Entry No. 1), which includes a Memorandum in Support of Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ("Memorandum") (Docket Entry No. 1-1) and relevant state court records (Docket Entry Nos. 1-2 through 1-9). Owais challenges a state court conviction from Brazos County for evading arrest with a motor vehicle, which resulted in a five-year sentence of community supervision (i.e., probation). Respondent Jennifer Goerig, who serves as Director of the Brazos County Community Supervision and Corrections Department, has filed Respondent Goerig's Reply to Petitioner's Writ ("Respondent's Reply") (Docket Entry No. 10). After considering all of the pleadings and the applicable law, the

court will deny the Petition and will dismiss this action for the reasons explained below.

## I.  **Background and Procedural History**

The facts underlying Owais's conviction for evading arrest with a motor vehicle were summarized by an intermediate state court of appeals as follows:

> Around 2:00 a.m. on July 21, 2012, officers with the Texas A&M University Police Department observed a vehicle being driven by [Owais] on the sidewalk adjacent to the street.  As the vehicle passed, one of the officers yelled for the driver to stop.  When the driver failed to stop, the officer ran after the vehicle.  When the officer was unable to get [Owais] to stop, he radioed for help.  Another officer in a patrol car pulled [Owais] over.  During the resulting detention, the officer asked [Owais] why he ran from the earlier officer.  [Owais] stated that he was scared and nervous because he knew he was not supposed to be driving on the sidewalk.  After field sobriety tests were administered, it was determined that [Owais] was not intoxicated.

Ex parte Owais, 626 S.W.3d 428, 431 (Tex. App. — Amarillo 2021, pet. ref'd).  At the time that Owais committed this offense he was on deferred adjudication probation,[1] resulting from previous misdemeanor convictions for theft and evading arrest.[2]

---

[1]"Deferred adjudication" is a type of supervised release that is available following a plea of guilty or nolo contendere to certain offenses in Texas.  See Davis v. State, 968 S.W.2d 368, 369 (Tex. Crim. App. 1998).  "The court defers further proceedings, and places the defendant on community supervision without entering an adjudication of guilt."  Id.  "If the defendant violates a condition of community supervision, the court may proceed to adjudicate guilt and assess punishment."  Id. at 369-70.

[2]Reporter's Record, Vol. 4, Sentencing, Docket Entry No. 1-9, p. 264 (referencing the convictions for evading arrest and theft).  For purposes of identification all pagination references page numbers imprinted at the top of each docket entry by the court's Electronic Case Filing ("ECF") system.

A grand jury in Brazos County returned an indictment against Owais in Case No. 12-05308-CRF-361, charging him with evading arrest with a motor vehicle.[3]   In Texas, a person commits the offense of evading arrest, which is a Class A misdemeanor, "if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him."   Tex. Penal Code § 38.04(a).   Evading arrest is a third-degree felony if the offender uses a vehicle while in flight and has a prior conviction for evading arrest. See Tex. Penal Code § 38.04(b)(2)(A).

The record reflects that the state offered to allow Owais to plead guilty to evading arrest as a Class A misdemeanor with a sentence of two years of "straight probation" and a six-month extension of the deferred adjudication probation that Owais received on his previous misdemeanor convictions.[4]   Owais declined the offer unless the state would agree to deferred adjudication for the charged felony offense of evading arrest with a motor vehicle.[5]   Because Owais was already on deferred adjudication when he committed the felony offense, the prosecutor would not agree to those terms.[6]   Subsequently, on September 28, 2016, a jury in the

---

[3]Indictment, Docket Entry No. 1-7, p. 5.

[4]Affidavit of Steve Zimmerman ("Zimmerman Affidavit"), Docket Entry No. 1-7, p. 112.

[5]Id.

[6]Id.; see also Reporter's Record, Vol. 2, Writ Hearing, Docket Entry No. 1-8, p. 60.

-3-

361st District Court for Brazos County found Owais guilty as charged in the indictment with evading arrest while using a motor vehicle.[7]

At a sentencing proceeding before the trial court on November 23, 2016, Owais maintained that he was not guilty, but accepted the jury's decision.[8] He testified that he was born in Pakistan and resided in the United States as a permanent resident, but was not a citizen.[9] He testified that he had consulted with an immigration attorney while his case was pending and was told that a felony conviction would prevent him from attaining citizenship.[10] Owais's trial attorney argued for a sentence of probation with minimal jail time, noting that Owais "potentially" faced deportation as a result of his conviction.[11] The trial court imposed a sentence of five years' imprisonment in the Texas Department of Criminal Justice ("TDCJ"), but suspended that sentence and instead placed Owais on probation for a term of five years with the condition that he spend 20 days in jail.[12]

---

[7]Jury Verdict, Docket Entry No. 1-7, p. 28; Reporter's Record, Vol. 3, Day Two of Jury Trial, Docket Entry No. 1-9, p. 243.

[8]Reporter's Record, Vol. 4, Sentencing, Docket Entry No. 1-9, pp. 262-63.

[9]Id. at 257, 259.

[10]Id. at 260.

[11]Id. at 266-67.

[12]Id. at 271; Judgment of Conviction by Jury, Docket Entry No. 1-7, pp. 32-33.   It is unclear from the record when Owais
(continued...)

-4-

Owais contends that after the sentencing hearing his trial attorney advised him not to appeal the conviction, noting that the state had filed motions to adjudicate his guilt in connection with the deferred adjudication probation that he received for his previous misdemeanor convictions for theft and evading arrest, which could result in additional jail time.[13]  Owais's trial attorney believed that the state would dismiss the motions to adjudicate guilt if Owais did not pursue an appeal from his felony conviction for evading arrest in Case No. 12-05308-CRF-361.[14]  Owais did not take any further steps to appeal,[15] and his time to do so expired thirty days after his sentence was imposed. See Tex. R. App. P. 26.2.(a)(1).

---

[12](...continued)
commenced his term of probation. Respondent Goerig has acknowledged that Owais is currently being supervised by the Brazos County Community Supervision and Corrections Department. See Respondent's Reply, Docket Entry No. 10, p. 1 n.1.  The Fifth Circuit and other courts have held that supervised release satisfies the custody requirement found in 28 U.S.C. § 2241(c). See Coronado v. United States Board of Parole, 540 F.2d 216, 217 (5th Cir. 1976) (finding habeas jurisdiction where petitioner had been placed under supervision of a United States Probation Officer following release) (citations omitted); see also Hayes v. Patrick, No. 3:23-cv-1546-S-BN, 2023 WL 6278913, at *3 (N.D. Tex. July 18, 2023) (finding that a petitioner serving a term of community supervision in Texas was "in custody" for purposes of challenging a state court judgment on habeas review) (citing Collins v. Syed, Civil Case No. 3:19-CV-2433-G-BK, 2020 WL 690660, at *1 n.3 (N.D. Tex. Jan. 16, 2020)).

[13]Affidavit [of Mukhtar Owais] ("Owais Affidavit"), Docket Entry No. 1-7, p. 74.

[14]Id.

[15]Id.

In early January of 2017 Owais was taken into custody by the United States Immigration and Customs Enforcement ("ICE") and notified that ICE was moving to deport him based on his felony conviction for evading arrest with a motor vehicle in Case No. 12-05308-CRF-361.[16]   A non-citizen is subject to removal from the United States following a conviction for an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").   At the time that Owais was convicted in 2016, the definition of an aggravated felony found in the Immigration and Naturalization Act (the "INA"), 8 U.S.C. § 1101(a)(43)(F), included offenses that qualified as a "crime of violence" under 18 U.S.C. § 16.   Section 16 of United States Code Title 18 defined the term "crime of violence" in two clauses, known as the "elements clause" and the "residual clause," to include:

> (a)   an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another (the "elements clause"), or
>
> (b)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (the "residual clause").

See 18 U.S.C. § 16(a)-(b).   Because evading arrest with a motor vehicle does not include an element involving the use, attempted, use, or threatened use of physical force as defined by the elements

---

[16]Id.

clause found in § 16(a), immigration officials apparently concluded that his felony conviction qualified as a crime of violence under the residual clause found in § 16(b).

After his sentence was imposed and he was taken into custody by immigration officials, an immigration attorney informed Owais that if he had appealed the felony conviction his case would not be treated as "final" for purposes of immigration law and he would be "entitled to be released and other possible relief."[17]   With assistance from newly retained counsel Owais then attempted to pursue an out-of-time appeal, seeking to challenge the sufficiency of the evidence in support of his felony conviction.[18]  His appeal was eventually dismissed for lack of jurisdiction as untimely filed on May 23, 2018.[19]

On November 29, 2018, Owais filed an Application for Writ of Habeas Corpus Seeking Relief From Judgment of Conviction Resulting in Community Supervision (Art. 11.072 C.C.P.) ("State Habeas Application") to challenge his felony conviction in state court.[20] Owais argued that he was entitled to relief for the following reasons:

---

[17]Id. at 74-75.

[18]Appellant's Motion for Extension to File His Notice of Appeal, Docket Entry No. 1-7, pp. 44-46.

[19]Memorandum Opinion in Owais v. State, No. 10-17-00028-CR, Docket Entry No. 1-7, pp. 53-55.

[20]State Habeas Application, Docket Entry No. 1-7, pp. 57-84.

1.  He was denied effective assistance of counsel from
    his defense attorney (a) for allowing him to
    proceed to trial instead of accepting a proposed
    plea bargain from the state for a reduced charge;
    and (b) for failing to explain the immigration
    consequences of a felony conviction.

2.  He was denied the right to pursue a direct appeal
    based on his counsel's advice, which failed to take
    into account the immigration consequences of not
    pursuing an appeal.

On March 7, 2019, the trial court held an evidentiary hearing on
Owais's State Habeas Application.[21] The trial court heard testimony
from Owais's trial counsel, Craig Greaves, and a board certified
immigration attorney, Peter Williamson, who was retained as an
expert by Owais.[22]

After the hearing the trial court adopted the State's Proposed
Findings of Fact and Conclusions of Law ("Findings and
Conclusions"),[23] which summarized at length the testimony given by
Williamson and Greaves.[24] The trial court noted that under the
governing legal standard found in Padilla v. Kentucky, 130 S. Ct.
1473 (2010), "where the deportation consequence is 'truly clear,'
counsel must correctly advise his client accordingly."[25] However,
"when the law is 'not succinct and straightforward,' counsel's duty

---

[21]Reporter's Record, Writ Hearing, Vol. 2, Docket Entry
No. 1-8, p. 7.

[22]Id. at 12-101.

[23]Findings and Conclusions, Docket Entry No. 1-7, pp. 126-41.

[24]Id. at 129-31 ¶ 18 (Williamson), 134-36 ¶ 30 (Greaves).

[25]Id. at 129 ¶ 15 (quoting Padilla, 130 S. Ct. at 1483).

-8-

is satisfied by advising his client that his guilty plea 'may carry a risk of adverse immigration consequences.'"[26]

According to the trial court's findings, Williamson acknowledged during his testimony that the existing definition for a crime of violence had been held "unconstitutionally vague."[27] Based on this testimony, the trial court found that the immigration consequences of Owais's conviction were unclear:

> 26. There is currently no valid definition of a "crime of violence." Since the immigration consequences of Applicant's conviction turn on whether evading arrest in a motor vehicle under Texas law constitutes a "crime of violence" for immigration purposes, the immigration consequences of Applicant's conviction are unclear.[28]

The trial court also found that Owais was consulting with an immigration attorney during the pendency of his felony charge and that Greaves advised him to consult with this attorney about the consequences of a felony conviction on his immigration status, which were "'probably not good.'"[29] Specifically, Greaves advised Owais that a felony conviction could potentially result in deportation and "'could wreck [his] immigration status.'"[30] Noting that Greaves appeared frequently in court and had been practicing

---

[26] Id. (quoting Padilla, 130 S. Ct. at 1483).

[27] Id. at 131 ¶ 18 (citing Williamson's testimony at 2 RR 27-28).

[28] Id. at 133 ¶ 26.

[29] Id. at 136 ¶ 30 (quoting Greaves's testimony at 2 RR 84).

[30] Id. (quoting Greaves's testimony at 2 RR 97).

in Brazos County since 1999, the trial court found his testimony "credible and reliable."[31] Based on this testimony, the trial court rejected Owais's first claim that his counsel was ineffective for failing to advise him properly about his immigration consequences, concluding as follows:

45.   Applicant failed to prove by a preponderance of the evidence that trial counsel had a duty to advise him that a conviction for evading in a motor vehicle would result in his automatic deportation because immigration law was "not succinct and straightforward" on that issue.

46.   Although Greaves did not advise Applicant that a conviction would result in his automatic deportation, Greaves did advise Applicant that a conviction could result in deportation.

47.   Applicant failed to show that it is "truly clear" (as opposed to "not succinct and straightforward") for Padilla purposes that evading arrest in a motor vehicle under Tex. Penal Code § 38.04(b)(2) is a "crime of violence" under 18 U.S.C. § 16, and therefore an "aggravated felony" under 8 U.S.C. § 1101(a)(43) that triggers Applicant's automatic deportation.

48.   Greaves' advice to Applicant that a conviction for felony evading arrest in a motor vehicle could result in deportation satisfied his duty under Padilla since the law is "not succinct and straightforward" on that issue.

\* \* \*

54.   Greaves had no duty under Padilla to advise Applicant that a plea of guilty resulting in a conviction for misdemeanor evading arrest under Tex. Penal Code § 38.04(a) would not result in Applicant's automatic deportation because that was not "truly clear" at the time Greaves advised Applicant in 2016.[32]

---

[31] Id. at 133 ¶ 29.

[32] Id. at 138 ¶¶ 45-48; 139 ¶ 54.

-10-

The trial court made additional findings about Owais's claim that he was denied effective assistance of counsel in connection with his appeal.  Williamson acknowledged during his testimony that before filing an appeal in a criminal case an attorney would first need a meritorious issue to pursue.[33]  Greaves testified that he advised Owais not to pursue an appeal citing concerns about the state revoking his deferred adjudication probation, and that Owais never instructed him to file an appeal on his behalf, which was not covered by his retainer agreement.[34]  Based on this testimony, the trial court rejected Owais's claim that he was denied effective assistance when counsel advised him not to pursue an appeal:

> 60.  Applicant's sole argument in his application regarding Greaves' purported failure to advise Applicant to appeal his conviction is based on Applicant missing an opportunity to delay the immigration proceedings against him.
>
> 61.  Applicant has failed to show any meritorious ground for appealing his conviction.
>
> 62.  Applicant failed to prove by a preponderance of the evidence that trial counsel's performance regarding Applicant's decision not to appeal his conviction was deficient because Applicant has not shown that there are any meritorious grounds for appealing his conviction.
>
> 63.  Applicant has failed to show Greaves['] representation fell below an objective standard of reasonableness.

_____

[33] Id. at 131 ¶ 18 (referencing Williamson's testimony at 2 RR 34).

[34] Id. at 135 ¶ 30 (referencing Greaves's testimony at 2 RR 72-73).

64.   Applicant has failed to show that the outcome of
his appellate proceedings would have been different
but for the alleged error.[35]

Thus, the trial court denied Owais's State Habeas Application after concluding that his ineffective-assistance claims were without merit because he did not demonstrate that counsel's performance was deficient or that he was prejudiced as a result.[36]

Owais filed an appeal from the trial court's decision to deny his State Habeas Application.[37] An intermediate court of appeals affirmed the trial court's decision in a detailed published opinion, which repeated many of the trial court's findings and conclusions, holding as follows:

1.   Owais failed to show that his counsel's plea advice
was deficient or that he was entitled to relief on
his claim that he was denied effective assistance
in connection with his plea; and

2.   Owais failed to show that his counsel did not
properly advise him of his right of appeal.

Owais, 626 S.W.3d at 436, 438. The Texas Court of Criminal Appeals refused his petition for discretionary review. See id. at 428.

Owais now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his felony conviction for evading arrest, arguing that he is entitled to relief because the state court erred by denying him relief.[38] The respondent argues that

---

[35]Id. at 140 ¶¶ 60-63; 141 ¶ 64.

[36]Id. at 139-40 ¶¶ 56-57, 63; 141 ¶ 64.

[37]Notice of Appeal, Docket Entry No. 1-7, p. 142.

[38]Petition, Docket Entry No. 1, pp. 6, 8-9; Memorandum, Docket Entry No. 1-1, pp. 8-9.

relief should be denied because Owais's claims were properly
rejected in state court and are without merit under the governing
federal habeas corpus legal standard.[39]

## II. **Standard of Review**

Review of the petitioner's claims is governed by the standard
established by the Antiterrorism and Effective Death Penalty Act
(the "AEDPA"), 28 U.S.C. § 2254(d). Under the AEDPA standard a
federal habeas corpus court may not grant relief unless the state
court's adjudication of the claim "resulted in a decision that was
contrary to, or involved an unreasonable application of, clearly
established Federal law, as determined by the Supreme Court of the
United States[.]" 28 U.S.C. § 2254(d)(1). Likewise, if a claim
presents a question of fact, a petitioner cannot obtain federal
habeas relief unless he shows that the state court's decision "was
based on an unreasonable determination of the facts in light of the
evidence presented in the State court proceeding." 28 U.S.C.
§ 2254(d)(2).

The highly deferential legal standard found in § 2254(d)
"imposes important limitations on the power of federal courts to
overturn the judgments of state courts in criminal cases." Shoop
v. Hill, 139 S. Ct. 504, 506 (2019). "A state court's decision is
deemed contrary to clearly established federal law if it reaches a
legal conclusion in direct conflict with a prior decision of the

---

[39]Respondent's Reply, Docket Entry No. 10, pp. 14-27.

Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." <u>Matamoros v. Stephens,</u> 783 F.3d 212, 215 (5th Cir. 2015) (citations and internal quotation marks omitted).  To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." <u>Woods v. Donald,</u> 135 S. Ct. 1372, 1376 (2015) (quoting <u>White v. Woodall,</u> 134 S. Ct. 1697, 1702 (2014)) (internal quotation marks omitted).  "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  <u>Id.</u> (quoting <u>Harrington v. Richter,</u> 131 S. Ct. 770, 786-87 (2011)).

A state court's factual determinations are also entitled to "substantial deference" on federal habeas corpus review. <u>Brumfield v. Cain,</u> 135 S. Ct. 2269, 2277 (2015); <u>Wood v. Allen,</u> 130 S. Ct. 841, 849 (2010) (noting that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance").  A state court's findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  The presumption of correctness extends not only to express factual findings, but also to implicit or "'unarticulated findings which are necessary to the state

-14-

court's conclusions of mixed law and fact.'" Murphy v. Davis, 901
F.3d 578, 597 (5th Cir. 2018) (quoting Valdez v. Cockrell, 274 F.3d
941, 948 n.11 (5th Cir. 2001)).

When the last state court to consider the petitioner's federal
claims gives no reason for its decision to deny relief, a federal
habeas corpus court "should 'look through' the unexplained decision
to the last related state-court decision that does provide a
relevant rationale." Wilson v. Sellers, 138 S. Ct. 1188, 1192
(2018); Woodfox v. Cain, 772 F.3d 358, 369 (5th Cir. 2014) (Using
the "look through" doctrine, a federal court "ignore[s] . . . an
unexplained state court denial and evaluate[s] the last reasoned
state court decision.") (internal quotation marks and citations
omitted). In doing so, the federal court should "train its
attention on the particular reasons — both legal and factual — why
state courts rejected a state prisoner's federal claims, and . . .
give appropriate deference to that decision." Wilson, 138 S. Ct.
at 1191-92 (internal quotation marks and citations omitted).
Because the Texas Court of Criminal Appeals refused Owais's
petition for discretionary review without a written explanation,
the intermediate appellate court's opinion is the last-reasoned
decision on the merits of his federal claims and is entitled to
AEDPA deference.

## III. Discussion

## A.  Claim 1:  Deficient Advice About Immigration Consequences

Owais's primary claim is that he was denied effective
assistance of counsel when his trial attorney failed to advise him

-15-

that a felony conviction for evading arrest would result in his automatic deportation when there was a plea bargain offer for a misdemeanor offense that would not.[40]   Claims for ineffective assistance of counsel are governed by the standard announced in Strickland v. Washington, 104 S. Ct. 2052 (1984).   To prevail under the Strickland standard a criminal defendant must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance resulted in prejudice.   Id. at 2064.   The Supreme Court has held that the Sixth Amendment right to effective assistance of counsel outlined in Strickland extends to plea negotiations.   See Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012).

To satisfy the deficient-performance prong, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness."   Strickland, 104 S. Ct. at 2064.   This is a "highly deferential" inquiry that requires "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   Id. at 2065.   "It is only when the lawyer's errors were so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment that Strickland's first prong is satisfied."   Buck v. Davis, 137 S. Ct. 759, 775 (2017) (citation and internal quotation marks omitted).

To establish prejudice in the context of a guilty plea a defendant must show that "the outcome of the plea process would

--------

[40]Petition, Docket Entry No. 1, p. 6; Memorandum, Docket Entry No. 1-1, pp. 32-33.

-16-

have been different with competent advice" from his counsel. Lafler, 132 S. Ct. at 1384. Where an offer has been rejected, a defendant must show that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)." Id. at 1385. A habeas petitioner must "affirmatively prove prejudice." Strickland, 104 S. Ct. at 2067. A petitioner cannot satisfy the second prong of Strickland with mere speculation and conjecture. See Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to demonstrate either deficient performance or actual prejudice. See Day v. Quarterman, 566 F.3d 527, 540-41 (5th Cir. 2009).

As the intermediate state court of appeals correctly noted, Owais's claim that his counsel failed to correctly advise him of his immigration consequences is governed by Padilla v. Kentucky.[41] In Padilla the Supreme Court held that the deficient-performance prong of Strickland is satisfied if, during plea negotiations, the defense lawyer does not inform the defendant "whether his plea carries a risk of deportation." Padilla, 130 S. Ct. at 1486. The Supreme Court explained that "when the deportation consequence is truly clear, . . . the duty to give correct advice is equally clear." Id. at 1483. However, when the law is "not succinct and

[41]Owais, 626 S.W.3d at 434.

straightforward," counsel's duty is satisfied by advising his client that his guilty plea "may carry a risk of adverse immigration consequences." Id.

Concluding that the law concerning Owais's potential immigration consequences was not truly clear, the state court of appeals affirmed the trial court's conclusion that Owais failed to show that his trial attorney's advice was deficient under Padilla or that he was denied effective assistance under Strickland.[42] Where an ineffective-assistance claim was rejected by the state court, the Supreme Court has clarified that the issue on federal habeas review is not whether "'the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009) (citation omitted). When applied in tandem with the highly deferential standard found in 28 U.S.C. § 2254(d), review of ineffective-assistance claims is "doubly deferential" on habeas corpus review. Id. at 1413; see also Richter, 131 S. Ct. at 788 (emphasizing that the standards created by Strickland and § 2254(d) are both "highly deferential," and "doubly so" when applied in tandem) (citations and internal quotation marks omitted); Beatty v. Stephens, 759 F.3d 455, 463 (5th Cir. 2014) (same).

The state court's conclusion that trial counsel's advice was not deficient is supported by the record. Owais admitted during

---

[42]Id. at 436.

-18-

—

the sentencing that he had consulted with an immigration attorney
following the misdemeanor convictions entered against him for theft
and evading arrest, which had resulted in deferred adjudication.[43]
Trial counsel testified during the evidentiary hearing on Owais's
State Habeas Application that Owais had been admonished previously
during his misdemeanor proceedings that a conviction could result
in his deportation.[44] Counsel advised Owais to consult with the
immigration lawyer that was working on his citizenship at the time
and was told that the citizenship process was on hold pending the
result of his felony proceeding.[45] When Owais rejected the state's
misdemeanor plea offer, trial counsel repeated his advice that
Owais speak to his immigration lawyer about the impact a felony
conviction would likely have on his immigration status.[46]

    In concluding that counsel's advice was not deficient under
Padilla, the state court pointed specifically at testimony from
Owais's expert witness, Peter Williamson, who admitted that he
could not say whether the law was "truly clear" that a conviction
for evading arrest with a motor vehicle would result in deportation
in 2016.[47] Williamson's testimony and the state court's conclusion

---

[43]Reporter's Record, Vol. 4, Sentencing, Docket Entry No. 1-9,
p. 260.

[44]Reporter's Record, Vol. 2, Writ Hearing, Docket Entry
No. 1-8, p. 57.

[45]Id. at 57-58.

[46]Id. at 73-74, 90.

[47]Owais, 626 S.W.3d at 435; Reporter's Record, Vol. 2, Writ
Hearing, Docket Entry No. 1-8, p. 51.

is consistent with the legal landscape at the time that Owais's criminal proceedings occurred, which reflects that there was a lack of clarity about the definition for a crime of violence.  In 2015 the Supreme Court held that a residual clause found in the Armed Career Criminal Act ("ACCA") with language similar to the residual clause in 18 U.S.C. § 16(b) was unconstitutionally void for vagueness.  See Johnson v. United States, 135 S. Ct. 2551, 2255-56, 2563 (2015) (addressing a residual clause found in 18 U.S.C. § 924(e)(2)(B), which authorized a sentence enhancement for a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another") (emphasis deleted). Subsequently, in Sessions v. Dimaya, 138 S. Ct. 1204, 1223 (2018), the Supreme Court applied the same reasoning in Johnson and held that the residual clause found in 18 U.S.C. § 16(b), as incorporated into the definition of an aggravated felony found in the INA, 8 U.S.C. § 1101(a)(43)(F), was also unconstitutionally vague.  As a result of the holding in Dimaya, a Texas conviction for evading arrest with a motor vehicle is no longer considered an aggravated felony.  See United States v. Olivarez, 749 F. App'x 277, 278 (5th Cir. Sept. 20, 2018) (per curiam) (holding that a prior Texas conviction for evading arrest was not an aggravated felony as defined under 18 U.S.C. § 16(b) and could not be used as a predicate offense for purposes of a conviction under 18 U.S.C. § 1326(b)(2) for "[i]llegal re-entry by a previously deported alien after an aggravated felony conviction"); see also United States v.

-20-

Carillo-Hernandez, 749 F. App'x 246, 247 (5th Cir. Sept. 7, 2018)
(per curiam) (same). Thus, it appears that a Texas conviction for
evading arrest is no longer a basis for removal. See In re
Gonzalez, 2018 WL 4692814, at \*1 (BIA Sept. 11, 2018) (concluding
that, after Dimaya, the respondent's conviction for evading arrest
under Texas Penal Code § 38.04 did not qualify as an aggravated
felony and was "no longer sustainable" as a ground for removal).

Owais does not establish that it was truly clear in 2016 that
a Texas conviction for evading arrest was a crime of violence that
would result in automatic deportation. Therefore, he fails to show
that the state court's conclusion that trial counsel was not
deficient was an unreasonable application of Padilla or Strickland.
As a result, Owais is not entitled to relief on this claim.

## B.    Claim 2:    Deficient Advice About Pursuing an Appeal

Owais contends that he was also denied effective assistance of
counsel when his trial attorney failed to advise him that, by
failing to appeal, his felony conviction would become final and he
would then be subject to automatic deportation.[48] The Supreme Court
has held that "counsel has a constitutionally imposed duty to
consult with the defendant about an appeal when there is reason to
think either (1) that a rational defendant would want to appeal
(for example, because there are nonfrivolous grounds for appeal),
or (2) that this particular defendant reasonably demonstrated to

---

[48]Petition, Docket Entry No. 1, p. 8.

counsel that he was interested in appealing." Roe v. Flores-Ortega, 120 S. Ct. 1029, 1036 (2000). To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal, that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. Smith v. Robbins, 120 S. Ct. 746, 764 (2000). If the defendant succeeds in such a showing, he must then establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." Id.

The state court of appeals found that trial counsel advised Owais of his right to appeal and discussed the merits of filing an appeal, but that Owais never instructed his trial attorney to preserve his right of appeal.[49] This finding is presumed correct for purposes of federal habeas corpus review. See 28 U.S.C. § 2254(e)(1); Sumner v. Mata, 101 S. Ct. 764, 769 (1981) (observing that the presumption of correctness "applies to factual determinations made by state courts, whether the court be a trial court or an appellate court"). Owais does not present any evidence that would overcome the state court's findings, which are supported by the record. During the evidentiary hearing held on state habeas corpus review, trial counsel testified that he notified Owais immediately after the sentencing hearing that he would have 30 days

[49]Owais, 626 S.W.3d at 437.

-22-

to file a notice of appeal once sentence was imposed and discussed with him whether taking an appeal was in his best interest.[50] Counsel was concerned about the pending motions filed by the state to revoke Owais's deferred adjudication.[51]  Counsel again advised Owais to consult with his immigration lawyer about the effect that taking an appeal might have if the state elected to pursue the revocation of his deferred adjudication and findings of guilt were entered in his previous misdemeanor convictions.[52]  Counsel testified that he asked Owais to let him know what he wanted to do,[53] but Owais never got back to him about whether he did or did not wish to pursue an appeal.[54]  Counsel noted further that the terms of his retainer did not include an appeal and that he did not practice appellate law.[55]

Owais acknowledged that counsel advised him not to appeal because if he did so the state might decide to pursue the revocation of his deferred adjudication, which could result in additional jail time.[56]  He also acknowledged that, based on his

---

[50]Reporter's Record, Vol. 2, Writ Hearing, Docket Entry No. 1-8, pp. 77-78.

[51]Id. at 78.

[52]Id. at 77.

[53]Id.

[54]Id. at 78-79.

[55]Id. at 79.

[56]Owais Affidavit, Docket Entry No. 1-7, p. 74.

counsel's advice, he "took no further steps to appeal his conviction."[57] Nevertheless, Owais contends that his attorney was deficient because he should have known that he had a viable challenge to the sufficiency of the evidence and should have advised him to pursue an appeal on this basis.[58]

This claim was rejected by the state court of appeals, which found that the evidence was sufficient to support a conviction for evading arrest and that counsel's advice was not deficient under the circumstances:

> Through his habeas application, [Owais] contends that a challenge to the sufficiency of the evidence supporting his conviction for evading arrest in a motor vehicle is a nonfrivolous ground for appeal that should have obligated Greaves to perfect [Owais]'s appeal. However, our review of the record from the underlying trial reflects that the evidence was sufficient to support [Owais]'s conviction. When we review the sufficiency of the evidence to support a conviction, we are required to defer to the jury's assessment of the credibility of witnesses and to indulge all reasonable inferences from the evidence in favor of the verdict. Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The evidence that supports the verdict that [Owais] was guilty of evading arrest in a motor vehicle includes [Owais]'s familiarity with the area suggesting that he knew he was driving on a sidewalk, [Owais]'s apparent confession that he ran from the officers who were attempting to stop him,[[59]] all of the officers attempting to detain [Owais] were in uniform, an officer testified that he struck the

---

[57]Id.

[58]Memorandum, Docket Entry No. 1-1, p. 53.

[59]Immediately after [Owais] was stopped by police, an officer asked [Owais] why he did not stop for the police when they initially tried to stop him. [Owais] stated that, "I was on the sidewalk . . . ." When asked whether he ran from the police, [Owais] stated that he was nervous and apologized.

-24-

side window of the vehicle while yelling for [Owais] to
stop, multiple officers testified that [Owais] drove more
erratically after the officers began attempting to stop
him,[60] an officer shined his flashlight at [Owais]'s
vehicle during the pursuit, and one of [Owais]'s
passengers told [Owais] to stop because "it seemed like
a police officer [was] trying to stop us and we were
driving on the sidewalk." Taken together and viewed with
the appropriate deference, we conclude that this evidence
is sufficient to support [Owais]'s conviction for evading
arrest in a motor vehicle.    When the state of the
evidence supporting [Owais]'s conviction is considered in
conjunction with the strategic rationale for Greaves's
recommendation that [Owais] not appeal, we cannot
conclude that Greaves violated his constitutionally
mandated duty to properly advise [Owais] of his right of
appeal. Flores-Ortega, 528 U.S. at 480, 120 S. Ct. 1029.
Thus, [Owais] failed to meet his burden to establish that
Greaves's performance fell below an objective standard of
reasonableness.    See Strickland, 466 U.S. at 687, 104
S. Ct. 2052; Perez, 310 S.W.3d at 892-93.

Owais, 626 S.W.3d at 437-38 (footnotes renumbered from original).

Because Owais failed to demonstrate deficient performance on his

counsel's part, the state court concluded that he was not entitled

to habeas relief. See id. at 438.

"Where a state appellate court has conducted a thoughtful

review of the evidence . . . its determination is entitled to great

deference." Callins v. Collins, 998 F.2d 269, 276 (5th Cir. 1993);

see also Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (per

curiam) (claims challenging the sufficiency of the evidence "face

a high bar" on federal habeas review because of the deferential

standard). Likewise, counsel's advice about whether or not to

---

[60]See Griego v. State, 345 S.W.3d 742, 751 & n.10 (Tex. App.
— Amarillo 2011, no pet.) ("speed, distance, and duration of
pursuit may be factors in considering whether a defendant
intentionally fled . . . .").

pursue an appeal is entitled to deference under Strickland, 104 S. Ct. 2065 (emphasizing that a federal habeas corpus court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "the challenged action 'might be considered sound strategy'"). There is no information in the record showing that Owais followed his counsel's advice and consulted with his immigration attorney about the potential ramifications of the state adjudicating him guilty of his previous misdemeanors for theft and evading arrest, and Owais gave no indication to his trial counsel that he wished to file an appeal. The accused has the ultimate authority to make certain fundamental decisions about his defense, such as whether to take an appeal. See Jones v. Barnes, 103 S. Ct. 3308, 3312 (1983).

Absent a showing that Greaves failed to identify a meritorious challenge to the sufficiency of the evidence or that he failed to advise him to pursue an appeal based on another non-frivolous issue, Owais does not demonstrate that the state court's conclusion was an unreasonable application of Flores-Ortega or Strickland. Therefore, Owais is not entitled to federal habeas corpus relief on this claim. See 28 U.S.C. § 2254(d). Because Owais has failed to demonstrate that he is entitled to relief, the Petition will be denied, and this action will be dismissed.

## IV.  **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when

-26-

entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck, 137 S. Ct. at 773 (internal quotation marks and citation omitted).

After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not demonstrate that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.   **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1.   The Petition for Relief From a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

-27-

filed by Mukhtar Owais (Docket Entry No. 1) is **DENIED**, and this case will be dismissed with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 25th day of January, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-28-